UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNY RAY CHANDLER, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 16-0709 (BAH) |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant Federal Bureau of Prison's Motion to Dismiss, ECF No. 14.  On December 5, 2016, the Court issued an Order advising the plaintiff of his obligations under the Federal Rules of Civil Procedure and the local civil rules of this Court. *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988).  Specifically, the Court notified the plaintiff that, if he failed to file an opposition or other response to the defendants' motion by January 6, 2017, the Court would treat the pending dispositive motion as conceded.  *See* D.D.C. Local Civil Rule 7(b) (permitting court to "treat . . . as conceded" a motion not met with a timely opposing memorandum of points and authorities).  To date, the plaintiff has not filed an opposition to the pending motion, or requested more time to file an opposition, or advised the Court of any change of address.

Under these circumstances, the Court ordinarily would grant the defendant's motion as conceded.  The United States Court of Appeals for the District of Columbia Circuit recently has raised concerns, however, about the use of Local Civil Rule 7(b) to grant an unopposed motions to dismiss.  *See Cohen v. Bd. of Trs. of the Univ. of the District of Columbia*, 819 F.3d 476, 482 (D.C. Cir. 2016).  Despite acknowledging the value of Local Civil Rule 7(b) as an important "docket-management tool that facilitates efficient and effective resolution of motions," *id*. at 480 (quoting *Fox v. Am. Airlines, Inc*., 389 F.3d 1291, 1294 (D.C. Cir. 2004) (additional citation omitted)), the D.C. Circuit has opined that the local rule "stands in tension with . . . Rule 12(b)(6)," *id*. at 481.  Accordingly, the Court briefly addresses the plaintiff's factual allegations and the defendants' legal arguments.

The plaintiff alleged that employees of the Federal Bureau of Prisons ("BOP") have misappropriated funds sent by his father and deposited into his prison trust fund account.  *See generally* Compl. at 1-2.  "At no time did [the plaintiff] ever give his permission for his money to be used or taken for any other purpose other than purchasing item[s] . . . from the prison commissary."  *Id*. at 2.  Apparently BOP staff have deducted funds from the account "to pay for fines/disciplinary sanctions," and the plaintiff deems these actions "malicious interference and misappropriation of funds."  *Id*.  The plaintiff has demanded damages of $50,000 and the return of all funds taken by defendant.  *Id*.

The BOP reasonably construes the complaint as one against a federal government agency under the Federal Tort Claims Act ("FTCA"), which allows a claimant to file a civil action for claims of "personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). This is a waiver of the federal government's sovereign immunity, *see United States v. Mitchell*, 445 U.S. 535, 538 (1980), and "the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit," *id*. (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

The limitations under and exceptions to the FTCA require dismissal of the plaintiff's claim. Relevant to this case is the exhaustion requirement:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have *first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," and a claimant's "fail[ure] to heed that clear statutory command" warrants dismissal of his claim. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, the plaintiff does not allege that he submitted a claim to the BOP before filing this action, and his failure to do so deprives this Court of jurisdiction over his claim.

Also relevant to this case is a provision of the FTCA that expressly excludes a claim "arising out of . . . misrepresentation, deceit or interference with contractual rights." 28 U.S.C. § 2680(h). The defendant argues, and the Court concurs, that the plaintiff's allegations of "malicious interference" and "misappropriation" of funds are barred under § 2680(h). *See, e.g., Budik v. Ashley*, No. 12CV1949, 2014 WL 1423293, at *5 (D.D.C. Apr. 14, 2014).

The Court will grant the defendant's motion to dismiss because the plaintiff neither exhausted his administrative remedies under the FTCA prior to filing this lawsuit, nor raised a tort claim cognizable under the FTCA.[1]  An Order is issued separately.


DATE: January 23, 2017                    /s/ *Beryl A. Howell*

                                                                                       BERYL A. HOWELL
                                                                                       Chief Judge

---

[1] The defendant also moves to dismiss under Rule 12(b)(5) on the ground that the plaintiff failed to effect proper service of process. *See* Def.'s Mem. at 5-6. The plaintiff is proceeding *pro se* and the Superior Court of the District of Columbia granted him leave to proceed *in forma pauperis* prior to removal of the case. Since the Clerk of Court is responsible for issuing summonses and effecting service of process, under 28 U.S.C. § 1915(d)), on behalf of a *pro se* party proceeding *in forma pauperis*, the Court declines to dismiss the case for failure to effect proper service of process.